**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**WILLIAM ANDREW JONES, JR**            **PLAINTIFFS**

**v.**            **CAUSE NO.** 1:22cv093-SA-DAS

**OKATIBBEHA COUNTY, MISSISSIPPI and
SHERIFF STEVE GLADNEY IN HIS OFFICIAL
AND INDIVIDUAL CAPACITIES and CHIEF
DEPUTY CHADD GARNETT IN HIS OFFICIAL AND
INDIVIDUAL CAPACITIES**            **DEFENDANTS**

**COMPLAINT
JURY TRIAL DEMANDED**

COMES NOW THE PLAINTIFF, William Andrew Jones, Jr. via counsel and files this complaint for legal remedy for injury he suffered due to his employers' violations of 29 U.S.C. § 201, et seq, the "Fair Labor Standards Act of 1938," (FLSA) and in support would show unto the Court the following, to wit:

**PARTIES**

1. The plaintiff, William Andrew Jones, Jr., is an adult resident of Oktibbeha County, Mississippi. During the focus of this litigation, he was an employee as defined by 29 U.S.C. § 203(e)(2)(a) and 29 C.F.R. § 553.211, to wit: an Oktibbeha County Deputy Sheriff, having completed all required training, certified as a law enforcement officer of the State of Mississippi vested with the power of arrest and charged with keeping the public peace. He was not part of any administrative or policymaking role in this employment.

2. The defendant, Oktibbeha County, is a political subdivision of Mississippi. The plaintiff worked for Oktibbeha County. This defendant is an 'employer' consistent with 29 U.S.C. §

203(d). The county may be properly noticed by service of a copy of the complaint and a summons upon the president or clear of the board of supervisors of that county.

3. The defendant, Steve Gladney, is the sheriff of Oktibbeha County and pertinent to this litigation was the head of the sheriff's department that failed to pay the plaintiff for all his time at work. This defendant is an 'employer' consistent with 29 U.S.C. § 203(d). The county may be properly noticed by service of a copy of the complaint and a summons upon him at the Oktibbeha County Sheriff's Office or wherever found.

4. The defendant, Chadd Garnett, is the chief deputy sheriff of Oktibbeha County and pertinent to this litigation was the department head responsible for the payment of the plaintiff and has exhibited bad faith by refusing to pay the plaintiff for all the hours he worked. This defendant is an 'employer' consistent with 29 U.S.C. § 203(d). The county may be properly noticed by service of a copy of the complaint and a summons upon him at the Oktibbeha County Sheriff's Office or wherever found.

## JURISIDCTION AND VENUE

5. This Court has Federal Question Jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1391.

6. Venue before this Court is also proper commensurate with 29 U.S.C. § 216(b) in that the injuries to the plaintiff occurred within the Aberdeen Division of the United States District Court of the Northern District of Mississippi.

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

7. Pertinent to this litigation, the plaintiff was a deputy sheriff for the Oktibbeha County Sheriff's Department, beginning employment in that capacity in April of 2019 and ending in June of 2021.

8. The plaintiff was assigned to patrol, working scheduled 12-hour shifts, beginning at 6:00 pm or 6:00 am, depending on the assignment. He rotated from day shift to night shift and vice versa on the last Friday of each month.

9. The plaintiff was directed to report for "briefing" at the sheriff's department fifteen minutes before each shift, being 5:45 am or pm, depending on the shift he was working. He was not paid for this time.

10. The plaintiff was assigned a marked sheriff's patrol car to take home daily. He would leave home on patrol in time to make it to the briefing at 5:45. Since he was in his car, in uniform, he would often get dispatched to calls or have to make a traffic stop while enroute to briefing before his scheduled shift began. Further, there were times he would not end his duties until after the time his scheduled shift ended. He was not paid for these hours.

11. At all times above, the defendants knew of, approved, and/or directed this work outside of the plaintiff's regularly scheduled shift, and failed to pay for this time.

12. The plaintiff had to attend various in-service and advanced law enforcement training sessions to perform his duties when he was otherwise not scheduled to work. He was not paid for such, whether traveling to, attending, or traveling from.

13. The plaintiff attempted to address his issue of non-payment with his superiors to no avail. He was told by the chief deputy several times that the plaintiff and other deputies barely worked three hours of the 12-hour shift, so he wasn't paying him for anything but his regular 12-hour shift assignments.

14. The Oktibbeha County Sheriff's Department did not properly operate under the "7(k)" system under 29 U.S.C. § 207(k) which generally allows an employer to pay police officers

overtime pay above and after 171 hours in a period of twenty-eight (28) days. This system is usually instituted for agencies working 12-hour shifts.

15. In that the "7(k)" system was abused, the determination of when overtime pay should begin cannot be determined at this time.

## VIOLATION OF THE PORTAL TO PORTAL ACT

16. The plaintiff had to take his patrol car home and had to drive it to and from 'work.'

17. The plaintiff was subject to taking actual law enforcement actions while traveling to the 'briefing' of which he had to attend. As such, once he was in uniform and in his marked patrol car he was at the actual place of performance of the principal activity he was employed to perform. As such, he should have been paid from the time he left his residence to the time he returned under the Portal-to-Portal Act and the Fair Standards Labor Act.

18. Oktibbeha County engages in interstate commerce and for this and other reasons must pay non-exempt employees hourly wages and FLSA overtime for all times worked over the maximum allowed by law, in this case forty (40) hours.

19. The time attending and traveling to and from job-related training and events is also compensable under the FLSA.

## ACTUAL DAMAGES

20. The plaintiff had to attend briefing 15 minutes before each shift and travel for 15 additional minutes to arrive there. This results in at least 3.5 unpaid hours per two-week pay period (30 minutes for each of seven days per period.)

21. As such, the plaintiff calculates a minimum number of unpaid hours to be approximately 72 per year following his regular schedule, which did not change.

22. The plaintiff has worked other hours which will calculate somewhere near the same number, which includes answering early and late calls that extended beyond the scheduled 6:00 to 6:00 shifts he worked.

23. Finally, the plaintiff has approximately 44 additional hours of overtime unpaid for in-service training related to his duties. Many of these training events occurred away from Oktibbeha County. The plaintiff should have been compensated for traveling to and from these events.

24. The plaintiff will show the defendants committed willful violations of the FLSA which will allow a three-year statute of limitations lookback as provided by 29 U.S.C. § 255.

25. The plaintiff's overtime rate would have been from approximately $26.50/hr. to approximately $28.00/hr. during his tenure with the sheriff's department.

## LIQUIDATED DAMAGES

26. As previously stated, the plaintiff attempted to address this underpayment to his superiors and was turned away. This response indicates a bad faith effort of the defendants to deprive the plaintiff of his just compensation due under the FLSA. Thus, the plaintiff is entitled to liquidated damages in an amount equal to the actual damages incurred.

## PRAYER FOR RELIEF

27. WHEREFORE PREMISES CONSIDERED, the plaintiffs respectfully pray that upon presentation of the facts of this matter, that they be granted the following relief as required by the FLSA:

    a. Compensation for all unpaid time and/or overtime due,

    b. An additional equivalent amount of compensation as liquidated damages,

    c. Attorney Fees, and

    d. For what other relief the plaintiff may be entitled to if not for specifically pled.

SUBMITTED, this the 7th day of July, 2022,

                                                    **William Andrew Jones, Jr.**

                              By:    <u>*s/ Francis S. Springer*</u>
                                        His Attorney

Francis S. Springer
MS Bar# 103974
Springer Law Office, PLLC
213 S. Lamar Street
Jackson, MS 39201
PO Box 1280
Madison, MS 39130-1280
Office: 601-605-5004
Fax: 877-605-5004
E-mail: springerlawoffice@gmail.com